# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KAREN MUELLER,

             Plaintiff,

v.

DAVID POJTINGER, STEPHANIE CANADY, RANDALL STEPHENSON, TIMOTHY SCHUMANN, and DENNIS WICHT,

             Defendants.

Case No. 20-CV-688-JPS

**ORDER**

      Plaintiff Karen Mueller, proceeding *pro se*, filed a complaint in this matter and a motion for leave to proceed *in forma pauperis*. (Docket #1, #2). In order to allow a plaintiff to proceed without paying the $400 filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B). At the next step, the Court must dismiss the action if it is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief, *see* 28 U.S.C. § 1915(e)(2)(B).

      On the question of indigence, although Plaintiff need not show that she is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), it must be remembered that the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Plaintiff avers that she is unemployed, unmarried, and disabled. (Docket #2 at 1). On a monthly basis, she receives less than $10,000 in reimbursement for living expenses. *Id.* at 2. She explains that she is the beneficiary of a trust, but that the trust payments are variable, and she also receives food stamps. *Id.* She has less than $5000 in savings and no other assets, because they have been "held as collateral." *Id.* at 3–4. On these averments, the Court cannot find that Plaintiff is indigent. While Plaintiff alleges that her income is inconsistent, she also alleges access to enough funds to pay her living expenses as well as the $400 filing fee. Accordingly, the motion to proceed *in forma pauperis* must be denied.

In order to forestall a payment that would only lead to the dismissal of the action, the Court will also briefly address the complaint. Notwithstanding the payment of any filing fee, when a plaintiff requests leave to proceed *in forma pauperis*, the Court must also screen the complaint and dismiss it or any portion thereof if it has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary to plead specific facts; rather, the plaintiff's statement need only

"give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Plaintiff's complaint must be dismissed because it does not state a claim upon which this Court can grant relief. The Court discerns that around 1998, Plaintiff was an employee at AT&T, and suffered a slip and fall accident that put her in a full body cast. Plaintiff is suing AT&T's employees and her own lawyers over certain related grievances. She claims that AT&T owes her an $88,000.00 settlement arising from the slip and fall, but has "stonewalled" any payments. She is not pleased with the outcome of this slip and fall matter, or with the performance of her counsel, defendant Dennis Wicht. Plaintiff has filed 15 complaints with the Federal Communications Commission, but to no avail. She complains that AT&T improperly removed her "concession," improperly billed her for charges in 2017, and disconnected her phone. At one point, AT&T credited her $289 of improperly billed charges, but they have yet to reconnect her phone.

Page 3 of 4
Case 2:20-cv-00688-JPS   Filed 09/25/20   Page 3 of 4   Document 5

Plaintiff seeks the payment of her $88,000 settlement, as well as punitive damages.

There are myriad issues with this complaint, but the primary one stems from the fact that this case is not properly before the federal court. The disjointed facts that Plaintiff has pled do not give rise to a federal question, and to the extent she seeks to either (1) enforce a judgment or (2) bring a claim for legal malpractice, the Court cannot hear the case because the parties are not properly diverse. 28 U.S.C. § 1332(a). Plaintiff is a citizen of Wisconsin, and two of the defendants—Timothy Schumann and Dennis Wicht—are also citizens of Wisconsin. Therefore, this action must be dismissed for want of jurisdiction.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice** for lack of jurisdiction.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of September, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 4 of 4
Case 2:20-cv-00688-JPS   Filed 09/25/20   Page 4 of 4   Document 5